# EXHIBIT A

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

**STATE OF SOUTH CAROLINA**
**COUNTY OF ORANGEBURG**

MELTON K. WEST,

    *Plaintiff*,

  -v-

WALETICH CORPORATION d/b/a
WALETICH TRANSPORTATION and
JONATHAN B. WILLIAMS

    *Defendants*.

**IN THE COURT OF COMMON PLEAS**
**FOR THE FIRST JUDICIAL CIRCUIT**

CASE NO:

**SUMMONS**

**TO THE DEFENDANTS ABOVE-NAMED:**

    **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                        **MORGAN & MORGAN P.A.**

                        */s/ James G. Biggart II*
                        JAMES G. BIGGART II, ESQ.
                        SC Bar No.: 106477
                        M. COOPER KLAASMEYER, ESQ.
                        SC Bar No.: 105795
                        4401 Belle Oaks Drive, Suite 300
                        North Charleston, SC 29405
                        Telephone: (843) 973-5186
                        Fax:    (843) 947-6113
                        jbiggart@forthepeople.com
                        swright@forthepeople.com
                        **Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

**STATE OF SOUTH CAROLINA**
**COUNTY OF ORANGEBURG**

MELTON K. WEST,

     *Plaintiff*,

    -v-

WALETICH CORPORATION d/b/a
WALETICH TRANSPORTATION and
JONATHAN B. WILLIAMS

     *Defendants*.

**IN THE COURT OF COMMON PLEAS**
**FOR THE FIRST JUDICIAL CIRCUIT**

CASE NO:

**COMPLAINT**

Plaintiff Melton K. West, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

## Parties, Venue, and Jurisdiction

1.    Plaintiff Melton K. West ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident of Charlotte, North Carolina.

2.    Defendant Jonathan B. Williams ("Defendant Williams") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Williams is a citizen of the State of Georgia and a resident of Byron, Georgia.

3.    Defendant Waletich Corporation d/b/a Waletich Transportation ("Defendant Waletich") is a Minnesota corporation with its headquarters located in Kasota, Minnesota.

4.    At all times relevant to this action, Defendant Williams was an agent, servant, and/or employee of Defendant Waletich, individually or jointly.

5.    At all times relevant to this Complaint, Defendant Waletich's agents, servants, and/or employees acted in the course and scope of their employment with Defendant Waletich.

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

6.      This Court has personal jurisdiction over the Defendants because Defendant Waletich was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Williams, and this cause of action relates to and arises out of Defendant Waletich's contacts with South Carolina, as further shown below.

## COUNT I
(Negligence *per se* as to Defendant Williams)

7.      Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

8.      On or about February 2, 2024, Defendant Williams was driving a commercial vehicle (VIN 3ALXA7001LDLY2463) westbound on Interstate 26 near Orangeburg, Orangeburg County, South Carolina.

9.      Defendant Williams owed Plaintiff statutory duties to operate his vehicle reasonably and safely to not cause injury to Plaintiff.

10.     Defendant Williams failed to exercise due care to avoid crashing into Plaintiff.

11.     Defendant Williams breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

12.     Defendant Williams' violation of his statutory duties constitutes negligence *per se*.

13.     Defendant Williams' breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

14.     Defendant Williams' violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

  a.      Significant past and future medical expenses;
  b.      Lost income and reduced earning capacity;
  c.      Emotional distress and anxiety;

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

    d.    Mental anguish;
    e.    Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
    f.    Other damages as will be shown in the discovery and trial of this case.

15.    Because Plaintiff was injured as a direct result of Defendant Williams' violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

16.    Defendant Williams' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Williams for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Williams violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **COUNT II**
(Negligence as to Defendant Williams)

17.    Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

18.    Defendant Williams owed Plaintiff a common-law duty to do the following:

    a.    Keep a proper lookout;
    b.    Maintain appropriate attention on the road while driving;
    c.    Maintain his vehicle in a roadworthy manner;
    d.    Yield the right of way to Plaintiff;
    e.    Apply his brakes to timely stop his vehicle;
    f.    Operate his truck in a safe manner and at a safe speed; and
    g.    Drive reasonably carefully with respect for the rights and safety of others, such as Plaintiff.

19.    Defendant Williams breached his duty to Plaintiff in the following ways:

    a.    Failing to keep a proper lookout;

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

    b.  Driving while distracted;
    c.  Failing to slow when traffic ahead of him was slowing and stopping;
    d.  Failing to timely brake and stop the truck;
    e.  Crashing into Plaintiff instead of steering around or away from Plaintiff;
    f.  Failing to yield the right of way to Plaintiff;
    g.  Operating the vehicle in an unsafe manner or at an unsafe speed, or
    h.  Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

20.    Defendant Williams' breach, as described above, was not only negligent but also grossly negligent, careless, reckless, willful, and wanton.

21.    Defendant Williams' negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Williams' negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a.  Significant past and future medical expenses,
    b.  Lost income and reduced earning capacity,
    c.  Personal property damage,
    d.  Emotional distress and anxiety,
    e.  Mental anguish,
    f.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g.  Other damages as will be shown in the discovery and trial of this case.

22.    Because Plaintiff was injured as a direct result of Defendant Williams' acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

23.    Defendant Williams' acts and omissions demonstrate such want of care as to show Defendant Williams was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Waletich and Defendant Williams should also pay punitive

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

damages in the amount the jury determines appropriate to punish Defendant Williams for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Williams violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT III

(Vicarious Liability as to Defendant Waletich)

31.     Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32.     At the time of the crash that is the subject of this lawsuit, Defendant Williams acted in the scope of his employment on behalf of Defendant Waletich.

33.     Defendant Waletich, thus acting through its agent, servant, and employee Defendant Williams, is vicariously liable for Defendant Williams' negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34.     Plaintiff asks this Court to enter judgment ordering Defendant Waletich to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Waletich)

35.     Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36.     Defendant Waletich was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Williams to operate a vehicle on Defendant Waletich's behalf in one or more of the following ways:

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

a.  Failing to review Defendant Williams' driving history;

b.  Failing to assess Defendant Williams' driving skills;

c.  Hiring Defendant Williams to drive on Defendant Waletich's behalf despite Defendant Williams' history of unsafe driving;

d.  Failing to have policies and procedures to train or monitor Defendant Williams, or if such policies and procedures were in place, failing to enforce them;

e.  Failing to ensure Defendant Williams had proper training and experience to operate a vehicle for Defendant Waletich safely and effectively; and

f.  Otherwise failing to investigate Defendant Williams' skill and history with a commercial motor vehicle, train Defendant Williams in proper driving procedures, supervise Defendant Williams' driving, failing to release Defendant Williams from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.  Based on Defendant Williams' unsafe driving history, Defendant Waletich knew or should have known that hiring, training, supervising, or retaining Defendant Williams posed a risk of foreseeable harm to third parties.

38.  Plaintiff asks this Court to enter judgment ordering Defendant Waletich to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.

ELECTRONICALLY FILED - 2025 Jun 11 5:28 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800793

SC Bar No.: 106477
M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina