IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Melton K. West, | C.A. No.: 5:25-cv-08705-MGL |
| Plaintiff, | **DEFENDANTS' ANSWER TO COMPLAINT** |
| v. | **(Jury Trial Demanded)** |
| Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams, | |
| Defendants. | |

Defendants Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams, by and through undersigned counsel, respond to Plaintiff Melton K. West's Complaint as follows:

**FOR A FIRST DEFENSE**
**(Answer to the Complaint)**

1. All allegations of the complaint not specifically admitted are denied.

2. These Defendants are without knowledge upon which to base a belief to the truth of the matters asserted in Paragraph 1 regarding the Plaintiff being injured in the accident and therefore would deny the same and demand strict proof thereof. These Defendants admit upon information and belief that Plaintiff is a citizen and resident of North Carolina.

3. With regard to Paragraph 2, it is admitted that Defendant Williams was driving the subject vehicle involved in the incident that is the subject of this collision. It is also admitted that Defendant Williams is a citizen of the State of Georgia. The remainder of Paragraph 2 is denied, and defendants demand strict proof thereof.

4. Defendants admit Paragraph 3.

5. Defendants admit Paragraph 4.

1

5547513.2

6. Defendants deny Paragraph 5.

7. With response to Paragraph 6, it is admitted that Defendant Waletich operated as an interstate motor carrier, that Defendant Williams was within the scope and course of his employment and that this Court has jurisdiction over the parties to this action. The remainder of Paragraph 6 is denied.

8. In response to Paragraph 7, Defendants would incorporate previous paragraphs as if set forth fully here.

9. Defendants admit Paragraph 8.

10. In response to Paragraph 9, Defendants would admit that all drivers of a motor vehicle owe a duty to operate their vehicles as a reasonable person would. The remainder of Paragraph 9 is denied, and Defendants demand strict proof thereof.

11. Defendants deny Paragraph 10, and demand strict proof thereof.

12. Defendants deny Paragraph 11, and demand strict proof thereof.

13. Defendants deny Paragraph 12, and demand strict proof thereof.

14. Defendants deny Paragraph 13, and demand strict proof thereof.

15. Defendants deny Paragraph 14 and it's subsequent subparts, and demand strict proof thereof.

16. Defendants deny Paragraph 15, and demand strict proof thereof.

17. Defendants deny Paragraph 16, and demand strict proof thereof.

18. In response to Paragraph 17, Defendants would incorporate previous paragraphs as if set forth fully here.

19. In response to Paragraph 18a, Defendants would admit that all drivers owe a duty to keep a proper lookout. Defendants deny the remainder of Paragraph 18a, and demand strict proof thereof.

20. In response to Paragraph 18b, Defendants would admit that all drivers owe a general duty to maintain appropriate attention on the road while driving. . Defendants deny the remainder of Paragraph 18b, and demand strict proof thereof.

21. In response to Paragraph 18c, Defendants would admit that all drivers owe a general duty to maintain his vehicle in roadworthy manner. Defendants deny the remainder of Paragraph 18c, and demand strict proof thereof.

22. Defendants deny Paragraph 18d, and demand strict proof thereof.

23. In response to Paragraph 18e, Defendants would admit that all drivers owe a general duty to apply brakes to timely stop his vehicle. Defendants deny the remainder of Paragraph 18e, and demand strict proof thereof.

24. In response to Paragraph 18f, Defendants would admit that all drivers owe a general duty to operate his truck in a safe manner and at a safe speed. Defendants deny the remainder of Paragraph 18a, and demand strict proof thereof.

25. In response to Paragraph 18g, Defendants would admit that all drivers owe a general duty to drive reasonably carefully with respect for the rights and safety of others. Defendants deny the remainder of Paragraph 18g, and demand strict proof thereof.

26. Defendants deny Paragraph 19, and demand strict proof thereof.

27. Defendants deny Paragraph 20, and demand strict proof thereof.

28. Defendants deny Paragraph 21, and demand strict proof thereof.

29. Defendants deny Paragraph 22, and demand strict proof thereof.

30. Defendants deny Paragraph 23, and demand strict proof thereof.

31. In response to Paragraph 31, Defendants would incorporate previous paragraphs as if set forth fully here.

32. Paragraph 32 is admitted.

33. Defendants deny Paragraph 33, and demand strict proof thereof.

34. Defendants deny Paragraph 34, and demand strict proof thereof.

35. In response to Paragraph 35, Defendants would incorporate previous paragraphs as if set forth fully here.

36. Defendants deny Paragraph 36, and demand strict proof thereof.

37. Defendants deny Paragraph 37, and demand strict proof thereof.

38. Defendants deny Paragraph 38, and demand strict proof thereof.

39. With regard to Plaintiff's prayer for relief, beginning with the word "WHEREFORE", is denied, and Defendants demand strict proof thereof.

40. Defendants demand a trial by jury.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

41. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

42. The Complaint fails to state facts sufficient to constitute a cause of action, in whole or in part, against Defendants, and, therefore, the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

## FOR A THIRD DEFENSE
### (Comparative Negligence of Plaintiff as Bar)

43. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

44. Defendants would show that Plaintiff's damages were due to and caused and occasioned by the sole or comparative negligence, recklessness, willfulness, and wantonness of Plaintiff Melton K. West in one or more of the following particulars:

    a.   failing to keep a proper lookout;

      b.    failing to observe the conditions of traffic;

      c.    failing to keep vehicle under proper control;

      d.    failing to observe traffic laws;

      e.    failing to properly yield;

      f.    failing to exercise the degree of care that a reasonably prudent person would have exercised under the same or similar circumstances then existing; and

      g.    in such other particulars as may be discovered and/or shown in the Discovery process and/or trial of this case;

all of which are violations of the statutory and common law of the State of South Carolina, and which operate as a complete defense to the claim of Plaintiffs.

## FOR A FOURTH DEFENSE
**(Comparative Negligence of Plaintiff as Offset)**

45. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

46. In the alternative, in the event the negligence of the Defendants was a greater than 50% cause of the alleged incident and Plaintiff's injuries, which is denied, the Defendants are entitled to a reduction of any amount awarded to the Plaintiff in an amount proportional to Plaintiff Melton K. West's percentage of negligence.

## FOR A FIFTH DEFENSE
**(Intervening Cause)**

47. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

48. Defendants allege, upon information and belief, that any injury and damage sustained by Plaintiff was due to and caused by the sole negligent acts or omissions of some other person or persons other than Defendants over whom Defendants neither had nor exercised any

authority or control, and, therefore, Defendants are not liable to Plaintiff for any sum whatsoever.

**FOR A SIXTH DEFENSE**
**(Last Clear Chance)**

49. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

50. Defendants would allege that the Plaintiff Melton K. West had the last clear chance to avoid the accident and therefore the Plaintiff's recovery is barred or alternatively should be reduced in proportion to the Plaintiff Melton K. West's own comparative fault in failing to avoid the accident.

**FOR A SEVENTH DEFENSE**
**(Failure to Mitigate Damages)**

51. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

52. Whatever damages, if any, that may have been sustained by Plaintiff should be barred or reduced based on Plaintiff's failure to mitigate the alleged damages.

**FOR AN EIGHTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering under State Constitution)**

53. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

54. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed by the Constitution of South Carolina for the following reasons:

   a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article 1, § 15 of the Constitution of South Carolina because such awards do not bear a reasonable relationship to the compensatory damages.

  b. Any award of damages for pain and suffering violates the guarantee of due process found in Article 1, § 3 of the Constitution of South Carolina because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award, and further, that such guidelines, factors, or limits as due exist are arbitrary and void for vagueness.

**FOR A NINTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering under Federal Constitution)**

55. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

56. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of the United States for the following reasons:

  c. Any award of damages for pain and suffering violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States because such awards to not bear a reasonable relationship to the compensatory damages.

  d. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award and further that such guidelines, factors, or limits that do exist are arbitrary and void for vagueness.

**FOR A TENTH DEFENSE**
**(Unconstitutionality of Punitive Damages under State Constitution)**

57. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

58. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

    b.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

    c.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

## FOR AN ELEVENTH DEFENSE
### (Unconstitutionality of Punitive Damages under the Federal Constitution)

59. Defendants reiterate and reallege the above paragraphs as set forth herein verbatim.

60. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

8

      b.     Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

      c.     Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

### FOR A TWELFTH DEFENSE
### (Cap on Punitive Damages)

61. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

62. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, Plaintiffs must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

### FOR A THIRTEENTH DEFENSE
### (Dismissal or Bifurcation of Punitive Damages Claim)

63. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

64. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, this claim must be

bifurcated and considered only in a second phase at the trial after Defendants' liability has been determined. S.C. Code Ann. § 15-32-520.

## FOR A FOURTEENTH DEFENSE
**(Reservation of Defenses)**

65. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

66. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action; accordingly, the right to assert additional defenses is hereby reserved.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Complaint be dismissed with prejudice; that Plaintiff recover no damages from Defendants; that Defendants be entitled all damages available to it under the law, including, if appropriate, attorney's fees and costs; and such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of July, 2025.

s/ Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (# 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Attorney for Defendants*

5547513.2