IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

|  |  |
|---|---|
| Melton K. West, | C.A. No.: 5:25-cv-08705-MGL |
| Plaintiff, | **DEFENDANTS' JOINT STATEMENT PURSUANT TO STANDING ORDER REGARDING ALL REMOVED CASES ASSIGNED TO JUDGE MARY GEIGER LEWIS** |
| v. | |
| Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams, | |
| Defendants. | |

Defendants Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams, by and through undersigned counsel, serve this joint statement pursuant to the Standing Order Regarding All Removed Cases Assigned to Judge Mary Geiger Lewis as follows:

1. The date(s) Defendant(s) or their representative(s) first received a copy of the summons and complaint in the state court action;

**ANSWER: Waletich was served with the Summons and Complaint on July 23, 2025. Mr. Williams was served with the Summons and Complaint on July 26, 2025.**

2. The date(s) each Defendant was served with a copy of the summons and complaint, if any of those dates differ from the date(s) set forth in item number 1;

**ANSWER: Waletich was served with the Summons and Complaint on July 23, 2025. Mr. Williams was served with the Summons and Complaint on July 26, 2025.**

3. In actions predicated on diversity jurisdiction, an explanation of whether any Defendants who have been served are citizens of South Carolina;

**Note**: for purposes of diversity jurisdiction, a corporation is a citizen of "any State by

1

which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010). In a suit against an unincorporated entity, however, diversity jurisdiction depends on the citizenship of all the entity's members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

**ANSWER: Waletich Corporation is incorporated in Minnesota. Waletich Corporation's principal place of business is in Minnesota. Mr. Williams is a resident and citizen of Georgia.**

4. In actions predicated on diversity jurisdiction, the basis for believing that the amount in controversy exceeds $75,000.00;

**ANSWER: Upon information and belief, Plaintiff received shoulder surgery after the incident. Additionally, Defendants are aware that Plaintiff's Worker's Compensation Plan has paid out at least $27,000.00 in medical bills. Based upon this information, Defendants believe that the amount in controversy is in excess of $75,000.00.**

5. If removal takes place more than thirty days after any Defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which Defendant(s) first received a paper identifying the basis for such a removal;

**ANSWER: Not applicable.**

6. In actions removed on the basis of this Court's diversity jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons why this action should not summarily be remanded to state court; and

**ANSWER: Not applicable.**

7. The identity of any Defendant who Plaintiff(s) served prior to the time of removal who did not formally join in notice of removal and the reasons therefor.

**ANSWER: Not applicable.**

Respectfully submitted this 1st day of August, 2025.

                                                      s/ Robert D. Moseley, Jr.
                                                      Robert D. Moseley, Jr. (# 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Attorney for Defendants*

5578480.1