IN THE UNITED STATE DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Melton K. West, | C.A. No.: 5:25-cv-08705-MGL |
| Plaintiff, | |
| v. | **DEFENDANTS LOCAL RULE 26.03 RESPONSES** |
| Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams, | |
| Defendants.. | |

COMES NOW Waletich Corporation d/b/a Waletich Transportation ("Waletich Transportation") and Jonathan B. Williams ("Mr. Williams"), collectively referred to hereafter as ("Defendants"), by and through their undersigned counsel, and provide their Local Civil Rule 26.03 responses:

(1)     A short statement of the facts of the case.

**RESPONSE:**

**Waletich Transportation is a Minnesota Corporation with its principal place of business in Minnesota acting as an interstate motor carrier. Waletich Transportation's tractor and trailer were travelling on I-26 in Orangeburg County, South Carolina to transport goods on or about February 23, 2024. Mr. Williams was an independent owner-operator driving the Waletich Transportation tractor and trailer, and was operating under their interstate motor carrier authority.**

**Plaintiff Melton K. West ("Mr. West") was an employee of The Salvation Army, driving a Salvation Army Vehicle on I-26, directly in front of Mr. Williams. Traffic in front of Mr. West slowed down, and Mr. West slowed down to avoid colliding with the vehicle in front of him. Mr. Williams began to slow down as well. Both parties were in the left lane of the interstate. Mr. Williams was unable to merge left or right, and the front of the Waletich Vehicle impacted with the rear of The Salvation Army Vehicle. Neither vehicle was totaled as a result of the incident. Dash Camera footage was subsequently recovered from The Waletich Vehicle.**

1

Mr. West alleges that he was injured as a result of the incident, and is seeking damages for lost wages, medical treatment, and pain and suffering.

(2)   The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

The Parties anticipate the following fact witness will be called to testify in this matter:

a. **Plaintiff Melton B. West**

Mr. West is a party to the action and is expected to testify as to his knowledge of the facts and circumstances surrounding the subject incident, his alleged injuries, and the extent of his alleged damages.

b. **One or more representatives of Waletich Corporation**

One or more other representatives of the company may testify regarding the allegations of the Complaint.

c. **Defendant Jonathan B. Williams**

Mr. Williams is a party to the action and is expected to testify as to his knowledge of the facts and circumstances surrounding the subject accident.

d. **Trooper B. Butler**
  **c/o South Carolina Highway Patrol, Troop 7**

Trooper Butler is the law enforcement officer who investigated the subject incident and created an accident report regarding the accident. Trooper Butler is expected to testify regarding his knowledge of the facts and circumstances surrounding the subject incident, as well as the scene upon his arrival.

e. **Witnesses at or near the alleged accident**

These witnesses, that may or may not have been travelling westbound on Interstate-20 at the time of said alleged injury, would be expected to testify regarding their recollection of the events leading up to and surrounding the alleged accident.

f. **Plaintiff's treating physicians and medical providers.**

These doctors are expected to testify as to their knowledge of the Plaintiff's injuries as a result of the accident.

    g. **Steven John Buchino.**

    **Mr. Buchino is a co-worker of Plaintiff, and was travelling alongside the Plaintiff at the time of the alleged accident. Mr. Buchino would be expected to testify regarding his knowledge of the facts and circumstances surrounding the subject incident, Plaintiff's alleged injuries, and the extent of Plaintiff's alleged damages.**

    h. **The Salvation Army.**
    **Mr. Buchino and Plaintiff were employees of The Salvation Army at the time of the incident. One or more representatives of the Company would be expected to testify regarding their knowledge of the facts and circumstances surrounding the subject incident, Plaintiff's alleged injuries, and the extent of Plaintiff's alleged damages.**

    i. **Any witness named by any party.**

    **Defendants reserve the right to amend or supplement this answer as discovery progresses.**

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**SEA Limited**
**3139 Westinghouse Blvd,**
**Charlotte, NC 28273**

**The Parties will supplement this response in accordance with the Conference and Scheduling Order. The Parties reserve the right to call any experts identified by the other party.**

(4)    A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**RESPONSE: Plaintiff has alleged negligence, including gross negligence, resulting in actual and punitive damages. Defendant has set forth defenses of comparative negligence of Plaintiff, unconstitutionality of claim for pain and suffering under State**

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

3

and Federal Constitution, unconstitutionality of punitive damages under State and Federal Constitution while asserting a general denial as to causation on damages.

**Negligence and Lack of Proximate Cause:** "To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira*, 339 S.C. 417, 529 S.E.2d 710, 712 (S.C. 2000). "A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing." *Jackson v. S.C. Dep't of Corrections*, 301 S.C. 125, 126-27, 309 S.E.2d 467, 468 (Ct. App. 1989). "Gross negligence involves a conscious failure to exercise due care." *Id.*

Defendant denies Plaintiff can meet his burden of proof on damages proximately resulting from such simple negligence and gross negligence.

Defendant has asserted affirmative defenses of, *inter alia*, comparative negligence by Plaintiff. "For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence." *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991).

Defendant has raised the defense that Plaintiff has failed to mitigate her damages and that the accident was not the proximate cause of her damages. Plaintiff has a legal duty to exercise at least ordinary care in lessening the damages as reasonably practicable. *Harper v. Western Union Tel. Co.*, 133 S.C. 61, 130 S.E. 119 (1925).

As an alternative pleading, Plaintiff's claim for punitive damages must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

(5)     Proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.);

   (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

   (b) Completion of discovery.

**RESPONSE:**

   **(a) Please see Proposed Amended Scheduling Order.**

   **(b) The parties propose the following deadline for the completion of discovery: March 15, 2026.**

5605842.1

(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE: None to the knowledge of the Defendants at this time.**

        Respectfully submitted,

        s/ Robert D. Moseley, Jr.
        Robert D. Moseley, Jr. (Fed. Bar. No. 5526)
        Moseley Marcinak Law Group LLP
        PO Box 26148
        Greenville, South Carolina 29616
        (864) 248-6025 (Office)
        (864) 248-6035 (Fax)
        Rob.Moseley@momarlaw.com
        *Counsel for Defendant*

5605842.1