# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melton K. West | ) | |
| | ) | C/A No.: 5:25-cv-08705-MGL |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S LOCAL CIVIL RULE** |
| Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams | ) ) ) | **26.03 DISCLOSURE** |
| | ) | |
| *Defendants.* | ) | |

I. **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

1. **Short statement of the facts of the case:**

   RESPONSE: This action arises from a tractor-trailer versus box truck rear-end collision which occurred on February 23, 2024. Melton K. West was the passenger of a box truck which was rear-ended by a tractor-trailer driven by Jonathan B. Williams in the course and scope of his statutory employment with Waletich Transportation. Due to the collision, Plaintiff suffered bodily injury and has undergone medical treatment.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

   RESPONSE:

   Plaintiff Melton K. West

   Mr. West is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision, the nature and extent of his injuries, his subsequent medical treatment, and the other elements of damage he suffered.

   Representatives of Waletich Corporation

   Representatives of Waletich are expected to testify regarding the hiring, training, and supervision of Jonathan B. Williams. Additionally, the representatives are expected to testify regarding the policies and procedures implemented by Waletich.

Defendant Jonathan B. Williams

Mr. Williams is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision.

Trooper B. Butler c/o South Carolina Highway Patrol, Troop 7

Trooper Butler is the law enforcement officer who investigated the subject incident. Trooper Butler is expected to testify regarding his investigation of the crash.

Larry Martin Jr., MD c/o Novant Health Orthopedics & Sports Medicine

Dr. Martin is the primary treating physician providing medical treatment to Plaintiff following the crash. Dr. Martin is expected to testify regarding Plaintiff's injuries, his treatment of Plaintiff's injuries, medical causation, and any recommendations for future care.

3. **The names and subject matter of expert witnesses:**

   RESPONSE:   Plaintiff has not retained any experts expected to testify at this time. Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   RESPONSE:

   Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

   Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

   Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

5. **Proposed Deadlines:**

   RESPONSE:   See the Proposed Amended Scheduling Order submitted by Defendants.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

   RESPONSE:   Plaintiff is not aware of any special circumstances at this time.

7. **Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

   RESPONSE:   Plaintiff does not consent to a trial before a United States Magistrate Judge at this time.

          **MORGAN & MORGAN, P.A.**

          /s/ Cooper Klaasmeyer
          JAMES G. BIGGART II, ESQ.
          Federal ID:     14195
          COOPER KLAASMEYER, ESQ.
          Federal ID:     14272
          4401 Belle Oaks Drive, Suite 300
          North Charleston, SC, 29405
          Telephone:     (843) 973-5186
          Fax:               (843) 973-5208
          Biggartlitigation@forthepeople.com
          **Attorneys for the Plaintiff**

September 12, 2025
North Charleston, SC