# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| Juan C. Alicea, | ) | **C.A. No.: 3:25-CV-12681-MGL** |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) | **CONSENT PROTECTIVE ORDER** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Robert J. Demusz | ) |  |
| Long Haul Trucking, Inc, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## INTRODUCTION

Plaintiffs have requested that Defendants Long Haul Trucking, Inc. and Robert J. Demusz, (hereinafter "Defendants") produce documentary material in this matter. Defendants subsequently asserted privilege and objected to the release of Documents Produced Subject to This Order on the basis that such materials are confidential and proprietary. Consequently, Plaintiffs and Defendants agreed to a consent protective order in this matter that would also allow the Plaintiffs to obtain Documents Produced Subject to This Order.

## PURPOSE OF PROTECTIVE ORDER

The purpose of this Protective Order is to facilitate the release and/or use of Documents Produced Subject to This Order, while protecting the confidentiality of this material.

## PROTECTIVE ORDER

The parties stipulate that documents requested in discovery are protected, and therefore, the disclosure and use of that information shall be conducted pursuant to the following conditions:

(1) **Non-Disclosure Requirement**: Except as provided herein, documents subject to this order shall not be disclosed or used by anyone or by any entity for any purpose, without the express consent of Defendant.

(A) **Specifically Precluded Uses**: It is specifically understood and agreed that documents produced subject to this order shall not be used/disclosed for any data base, index, or similar compilation maintained by any person or entity. It is specifically understood and agreed, however, that the foregoing shall not prohibit the Parties or their attorneys from summarizing or compiling Documents Produced Subject to This Order for use in the instant matter only.

(B) **Specifically Allowable Uses, Disclosures, and Maintenance**: It is specifically understood and agreed that documents produced subject to this order may be used, and/or disclosed, and/or maintained, without Defendant's consent as may be required to comply with state or federal laws/rules, and court, arbitrator, or administrative order (including subpoenas duces tecum), and in relation to any claim, litigation, and/or proceeding arising out of the alleged injuries that the sustained as a result of the incident that occurred on or about February 23, 2024, (hereinafter "Subject Incident"), including the following:

(1) for the subject case, including for evaluation, investigation, negotiations, mediation, arbitration, litigation, and/or claims handling;

(2)     for subrogation and reimbursement matters concerning the Subject Incident, such as subrogation or reimbursement clams for workers' compensation liens, medical liens, or other insurer's claims for subrogation, reimbursement, or contribution relating to the Subject Incident;

(3)     for any record keeping requirements or obligations relating to any of the forgoing, and pertaining to the Subject Incident;

The above-noted permissible uses, disclosures, and maintenance provisions are not intended to circumvent the intent of this Order to protect Documents Produced Subject to This Order and are not intended to unreasonably limit a party's or their counsel's or insurer's record-keeping obligations or requirements. The Plaintiffs and Defendant may request that additional permissible categories of uses, disclosures, or maintenance be added. Defendant shall not unreasonably withhold consent, provided that the additional categories requested are consistent with the intent of this Order.

(2)     **Acknowledgment Requirement**: In order to protect Documents Produced Subject to This Order under this Order, any counsel, employees of the counsel, or agent or employee of any recipient who intends to show Documents Produced Subject to This Order to anyone other than the Parties, or their attorneys or employees ("Others"), for substantive purposes, shall first provide such Others a complete copy of this Order and shall obtain from such Others a signed Acknowledgment of the requirements of this Order in the form attached as Exhibit A. With respect to the Parties' insurer, an Acknowledgment signed by an authorized representative shall suffice. A signed

Acknowledgment is not required for disclosure to the court, mediator, arbitrator, or jury as related to any case, claim, proceeding arising out of the Subject Incident.

(3)   **Procedures for Filing Materials**: In the event that any Party intends to file or disclose Documents Produced Subject to This Order, or any part thereof in any public filing, they will give the Defendants ten (10) days' notice of such intention, including specific information that the Plaintiffs intend to file or disclose.  This Order does not require or preclude the sealing of Documents Produced Subject to This Order.  If Defendants believe that any part of Documents Produced Subject to This Order require additional protection of filing with the Court under seal, Defendants shall identify the specific sections or parts to the Plaintiff as soon as practical, but no later than ten (10) days after such notice. If within two (2) weeks after the identification, the parties are unable to agree as to the extent of additional protection, if any, to be applied, Defendants shall file an appropriate motion with the Court for a determination as to whether, and to what extent, Documents Produced Subject to This Order identified shall be sealed or otherwise further protected.  The parties shall exercise good faith efforts to carry out the provisions or this Order.  It is further agreed that submissions of Documents Produced Subject to This Order for the purposes of Arbitration, Mediation, or settlement communication are not to be considered public disclosures of those documents.

(4)   **Return or Destruction of All Copies**: Within ninety (90) days after the final conclusion of the above-captioned case by fully-executed non-litigation settlement agreement, filed stipulation for dismissal with prejudice, or final judgment (i.e., a judgment as to which the time for appeal has run) the Plaintiffs, at their counsel's option, shall either return to Defendants' counsel or destroy Documents Produced Subject to This Order.  Counsel for

the Plaintiffs shall provide written confirmation to Defendants' counsel that they have destroyed and/or returned all copies of Documents Produced Subject to This Order and made a good faith effort to confirm that Others have destroyed all copies of Documents Produced Subject to This Order. This paragraph shall not apply to copies of Documents Produced Subject to This Order retained by insurance carriers, law firms, courts, and court reporters for the specifically allowable uses, disclosures, and maintenance stated in paragraph 1(B) above.

(5)     **Jurisdiction and Governing Law**: This Court shall have the jurisdiction to enforce and/or modify this Order in accordance with the South Carolina Rules of Civil Procedure and South Carolina law.  Subject to any contrary provision of South Carolina or federal law, no citation, contempt or other sanction shall be imposed pursuant to the South Carolina Rules of Civil Procedure without a hearing and proof, to the satisfaction of the Court, of a material breach of this Order.

(6)     **Continuing Enforceability**: All provisions of this Order shall continue to be binding after conclusion of the above-entitled case, unless otherwise agreed by the parties or ordered by a Court.

**AND IT IS SO ORDERED.**

_____

UNITED STATES DISTRICT JUDGE

_____, 2026

WE CONSENT:                                      WE CONSENT:

_s/ Cooper Klassmeyer_                        _s/ Robert D. Moseley, Jr._
James G. Biggart II (Fed ID 14195)      Robert D. Moseley, Jr. (SC Bar #5526)
Cooper Klaasmeyer (Fed ID 14272)      4324 Wade Hampton Blvd., Ste. B
4401 Bell Oaks Drive, Suite 300           Taylors, SC 29687
North Charleston, SC 29405                  P.O. Box 26148 Greenville, SC 29616
Telephone: (843) 973-5186                    (864) 248-6025 Office
Fax: (843)973-5208                               (864) 248-6035 Fax
Biggartlitigation@forthepeople.com      Rob.Moseley@momarlaw.com
Cooper.klaasmeyer@forthepeople.com    _Attorney for Defendants_
_Attorneys for Plaintiff_

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

EXHIBIT A

Re:     *Juan C. Alicia v. Robert J. Demusz and Long Haul Trucking, Inc.,*
        C.A. No. 3:25-CV-12681-MGL
        Date of Loss: May 2, 2025

        I have read and I understand the Protective Order ("Order") regarding the use and disclosure of Documents Produced Subject to This Order. I hereby certify my understanding that access to Protected Materials is provided to me pursuant to the terms and restrictions of the Protective Order in this proceeding. I understand that I (and my agents and employees) am/are bound to comply with the terms of the Order.  I understand that the contents of the Protected Materials, any notes or other memoranda, or any other form of information that copies or discloses Protected Materials shall not be disclosed to anyone other than in accordance with the Protective Order.

Print Name: _____

Signature: _____

Dated: _____