IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

|  |  |  |
|---|---|---|
| MELTON K. WEST, | ) | C.A. No.: 5:25-cv-08705-MGL |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **CONSENT MOTION TO AMEND** |
| v. | ) | **AMENDED CONFERENCE AND** |
|  | ) | **SCHEDULING ORDER** |
| WALETICH CORPORATION d/b/a | ) |  |
| WALETICH TRANSPORTATION and | ) |  |
| JONATHAN B. WILLIAMS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

The parties hereby respectfully move, pursuant to Local Civil Rule 6.01, for an extension of certain deadlines set forth in the Amended Conference and Scheduling Order entered by this Court on September 15, 2025, in the above-referenced matter and allege as follows in support thereof:

1.     The parties are seeking an extension as set forth in the proposed Second Amended Conference and Scheduling Order due to difficulties in obtaining Plaintiff's records, as outlined below. Additionally, due to difficulties with Plaintiff's concurrent Workers' Compensation case Plaintiff requires additional time to receive medical treatment, and the parties will need additional time to complete discovery.

2.     On September 17, 2025, Defendants served Plaintiff with a notice of intent to send a subpoena to Novant Health Orthopedics & Sports Medicine – Mint Hill ("Orthopedics"), and the subpoena was served upon the same on October 2, 2025, after the required objection period had passed.

3.      On October 8, 2025, Defendants' counsel received correspondence from Novant

1

5783130.3

Health stating that Orthopedics was unable to comply with the subpoena received.

4.      Defendants' counsel immediately began working on an alternate solution to obtain Plaintiff's Orthopedics records.

5.      On December 6, 2025, Defendants' counsel received correspondence from Novant Health stating that it was processing Defendants' subpoena for Plaintiff's Orthopedics records. A subsequent call with Novant Health on December 11, 2025, confirmed that the subpoena was still being processed and that Novant Health would comply with the same.

6.      On January 2, 2026, Defendants' counsel received an invoice for Plaintiff's records, and on January 6, 2026, Novant Health provided Plaintiff's Orthopedics records to Defendants for review.

7.      Defendants also served Plaintiff with a notice of intent on September 26, 2025, to send additional subpoenas to Novant Health Crown Point Family Physicians ("Crown Point"), Novant Health Heart & Vascular Institute – Adbel Plaza ("Heart"), and Novant Health Mint Hill Medical Center ("Mint Hill"), and the subpoenas were served on Plaintiff's providers after the objection period had passed on October 13, 2025.

8.      On January 5, 2026, Defendants' counsel followed up with Novant Health regarding responses to the subpoenas served on Plaintiff's providers on October 13, 2025, and Novant Health requested that Defendants' counsel send additional copies of the subpoenas via electronic mail.

9.      Defendants' counsel provided those copies and followed up with Novant Health again regarding the requested responses on January 16, 2026, January 22, 2026, and January 27, 2026.

10.      On February 2, 2026, Defendants' counsel received correspondence from Novant

Health stating that the Crown Point, Heart, and Mint Hill facilities were unable to comply with the subpoenas received.

11.     On February 3, 2026, Defendants' counsel spoke to a representative from Novant Health who confirmed that the subpoenas to Crown Point, Heart, and Mint Hill were still being processed.

12.     On February 16, 2026, Defendants' counsel received and paid invoices from Mint Hill and Heart for Plaintiff's records.

13.     On February 20, 2026, Defendants' counsel received records from Mint Hill and Heart as to the Plaintiff.

14.     On February 23, 2026, Defendants' counsel received an invoice from Crown Point for Plaintiff's records. The responsive records are still forthcoming.  The provider has identified over 2500 pages of records.

15.     Plaintiff recently identified additional medical providers in his supplemental discovery responses to Defendants, and Defendants issued a notice of intent to request those records on February 23, 2026.

16.     In light of the immense difficulty obtaining records, the conflicting communications from Novant Health as to the status of records, the recently-identified medical providers, and the records that Defendants' counsel intends to request, the parties request additional time to conduct discovery and to name potential experts.

17.     Defendant has diligently pursued discovery in the case, and the delays were not created or caused by counsel for the Plaintiff.

18.     This motion for extension is made in good faith and in the interests of judicial economy and is not interposed solely for the purposes of delay or other improper reason.

5783130.3

WHEREFORE, the parties respectfully request that this Honorable Court grant this motion to amend the deadlines in the Amended Conference and Scheduling Order as set forth in the proposed Second Amended Conference and Scheduling Order.

WE CONSENT:

s/Cooper Klaasmeyer
James G. Biggart II (# 14195)
Cooper Klaasmeyer(# 14272)
4401 Bell Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
*Attorneys for Plaintiff*

s/Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (# 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Attorney for Defendants*

March 23, 2026

5783130.3