IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Melton K. West,<br><br>Plaintiff,<br><br>v.<br><br>Waletich Corporation d/b/a Waletich Transportation and Jonathan B. Williams,<br><br>Defendants. | C.A. No.: 5:25-cv-08705-MGL<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES** |

Defendants Waletich Corporation d/b/a Waletich Transportation ("Waletich") and Jonathan B. Williams ("Williams" or collectively "Defendants"), pursuant to Fed. R. Civ. P. Rule 56, submit this memorandum in support of their Motion for Partial Summary Judgment with respect to Plaintiff's claim for punitive damages. This case arises from a rear-end collision in heavy interstate traffic. Plaintiff has come forward with no admissible evidence, much less clear and convincing evidence, as is necessary to establish the assertion that Defendants acted recklessly, willfully, or wantonly. Likewise, Plaintiff claims he is entitled to punitive damages for Williams' negligence *per se* and for Waletich's alleged negligent hiring, training, supervision, and retention, but presents no evidence that either Defendant consciously disregarded Plaintiff's rights or that any conduct of Waletich was a proximate cause of the collision. For the reasons set forth herein, Defendants respectfully request this Court grant Defendants' motion for partial summary judgment as to Plaintiff's claim for punitive damages.

## STATEMENT OF FACTS

This case arises out of a motor vehicle accident that occurred on February 23, 2024, at approximately 1:15 p.m., on westbound Interstate 26 in Orangeburg County, South Carolina.

(EXHIBIT 4, Traffic Collision Report). At the time of the accident, Williams was operating a loaded tractor-trailer under Waletich's authority, hauling freight from Charleston, South Carolina, back to Minnesota. (EXHIBIT 1 at 51:15–52:5, Williams Deposition); EXHIBIT 4. Plaintiff was the passenger in a Salvation Army box truck driven by Steven Butchino. (EXHIBIT 2 at 26:7–11, West Deposition); EXHIBIT 4. The weather was clear, the roadway was dry, and it was daylight. EXHIBIT 4.

Traffic on the interstate was heavy. (EXHIBIT 1 at 17:19–21, Williams Deposition). Plaintiff testified that traffic ahead "stopped abruptly" and that his driver attempted to pull toward the left shoulder to get out of the traffic. (EXHIBIT 2 at 26:16–22; 31:16–25; 32:9–11, West Deposition). Williams testified that the box truck in front of him came "to a much more sudden stop than [he] expected." (EXHIBIT 1 at 17:22–24, Williams Deposition). Williams estimated that he was traveling between 55 and 65 miles per hour when he recognized the box truck was stopping, and he braked, but he was unable to bring the tractor-trailer to a stop before striking the rear liftgate of the box truck. (EXHIBIT 1 at 18:1–11, 18:18–24, Williams Deposition); (EXHIBIT 2 at 28:9–14, West Deposition). The investigating trooper estimated Williams' speed at 70 miles per hour in a 70 mile-per-hour zone. (EXHIBIT 4). The engine control module downloaded from the tractor shows that, in the twenty seconds before Williams applied his brakes, the tractor-trailer was traveling between 66 and 68.5 miles per hour, below the posted speed limit, and that the truck came to a stop within approximately six seconds of brake application. (EXHIBIT 5, ECM Report, Hard Brake #1). No airbags deployed in the box truck, and Plaintiff did not get out of the vehicle at the scene. (EXHIBIT 2 at 27:5–11; 34:17–19, West Deposition).

Williams has accepted responsibility for the collision. (EXHIBIT 1 at 16:20–17:16, Williams Deposition). Williams was issued a uniform traffic ticket for driving too fast for

conditions under S.C. Code Ann. § 56-5-1520(A), which was paid. (EXHIBIT 1 at 38:7–9, Williams Deposition); EXHIBIT 4. Waletich's safety director, testifying as Waletich's Rule 30(b)(6) representative, reviewed the forward-facing camera video of the collision and described it this way: "our driver was in the left-hand lane, and there was a sudden stop in front of him. He wasn't capable of stopping in time." (EXHIBIT 3 at 66:20–24, Hensche 30(b)(6) Deposition).

Plaintiff filed this lawsuit alleging causes of action for: (1) negligence *per se* against Williams; (2) negligence and gross negligence against Williams; (3) vicarious liability against Waletich; and (4) negligent hiring, training, supervision, and retention against Waletich. (ECF 1-1, Complaint). In addition to these claims, Plaintiff made a request for an award of punitive damages against both Defendants, alleging that Williams' statutory violations are "evidence of recklessness, willfulness, and wantonness" and that Waletich was reckless in hiring, training, supervising, or retaining Williams. (*Id.* ¶¶ 13, 16, 20, 23, 34, 36–38). Defendants have admitted that Williams was acting within the course and scope of his employment with Waletich at the time of the accident. (ECF 7, Answer ¶ 7).

**PROCEDURAL POSTURE**

Plaintiff filed his Complaint in this action on or about June 11, 2025, in the Court of Common Pleas for Orangeburg County. ECF 1-1. On July 28, 2025, Defendants removed the case to the United States District Court for the District of South Carolina, Orangeburg Division, based on diversity jurisdiction. ECF 1. Defendants filed their Answer on July 31, 2025. ECF 7. On August 1, 2025, the Court entered its Conference and Scheduling Order. *See* ECF 8. On September 15, 2025, the Court entered a Consent Amended Scheduling Order. *See* ECF 19. On March 25, 2026, the Court entered the Second Amended Conference and Scheduling Order after Defendants submitted a consent motion. *See* ECF 22; ECF 24.

The parties have completed written discovery as well as the depositions of the Plaintiff, Williams, and Waletich's Rule 30(b)(6) representative. Plaintiff's deadline to identify expert witnesses was May 1, 2026, and Plaintiff has not identified any expert witness. *See* ECF 24. Discovery closed on September 14, 2026. *Id.* The parties are scheduled to conduct mediation on October 14, 2026. The case is subject to being called for jury selection on or after November 12, 2026. *Id.*

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure 56 (c), summary judgment is proper when "the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue of material facts and that the moving parties is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552-53 (1986). A properly supported motion will not be defeated simply by "the mere existence of some alleged fctual dispute." *Anderson v. Liberty Lobby, Inc*. 106 S. Ct. 2505, 2510 (1986). Even if the fact is material, a factual dispute will not defeat summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party. *Id.* at 2510.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record]. . . which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 106 S.Ct. at 323. Once the movant meets this burden, the burden shifts to a non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

## ARGUMENT

**I. Defendants are entitled to summary judgment on Plaintiff's claim for punitive damages as Plaintiff has presented no evidence showing reckless, willful, and/or wanton conduct.**

**A. The federal sufficiency standard and the clear and convincing burden govern Plaintiff's punitive damages claim.**

The Fourth Circuit has repeatedly held that in diversity cases, the federal standard controls the question of the sufficiency of evidence to go to the jury. *See Charleston Area Med. Ctr. v. Blue Cross and Blue Shield Mutual of Ohio, Inc. et al.*, 6 F.3d 243, 247 (4th Cir. 1993) ("In diversity cases in which the sufficiency of the evidence to create a jury question is presented, this court resolves the issue based on the federal rule. That rule presents the question whether there is evidence on which a jury can properly base a verdict."). Likewise, this Court has determined that the sufficiency of the evidence for which the question of punitive damages can be submitted to a jury should be based on the federal and not the state standard. *Hoskins v. King*, 676 F. Supp. 2d 441, 450 (D.S.C. 2009). Furthermore, in *Hoskins*, this Court specifically rejected the state standard established by *Wise v. Broadway*, 315 S.C. 273, 433 S.E.2d 857, 859 (S.C. 1993), where the South Carolina Supreme Court explained the rationale for the policy that violation of a safety statute would necessarily constitute "some evidence that the defendant acted recklessly, willfully, and wantonly." *Hoskins*, 676 F. Supp. 2d at 449–50.

Under South Carolina law, "[p]unitive damages may be awarded only if the plaintiff proves by clear and convincing evidence that his harm was the result of the defendant's wilful, wanton, or reckless conduct." S.C. Code Ann. § 15-32-520(D). Conduct is willful, wanton, or reckless when committed with a deliberate intention and under such circumstances that a person of ordinary prudence would be conscious of it as a reckless disregard of another's rights. *Hoskins*, 676 F. Supp.

2d 441. However, a defendant need not consciously realize that her acts invade the rights of another if a person of ordinary prudence would have come to that realization. *Bryant v. Muskin Co.*, 873 F.2d 714 (4th Cir. 1989). As federal procedural law governs, this Court must determine whether Plaintiff presented clear and convincing evidence establishing that Defendants' actions were willful, wanton, or reckless. Defendants submit the answer to this question is no as to each Defendant and, therefore, summary judgment should be granted in their favor.

**B. The record shows, at most, that Williams was negligent.**

Here, Plaintiff has failed to show that Williams engaged in any actions that amount to conduct sufficient to support a claim for punitive damages. The undisputed record shows a rear-end collision in heavy interstate traffic, in clear weather and daylight, after traffic ahead "stopped abruptly" and the box truck came to a sudden stop. (EXHIBIT 2 at 26:16–17, West Deposition); (EXHIBIT 1 at 17:19–24, Williams Deposition); (EXHIBIT 3 at 66:20–24, Hensche 30(b)(6) Deposition). Williams was traveling at or below the posted speed limit. (EXHIBIT 4; EXHIBIT 5). When he recognized the box truck was stopping, he braked, but he could not stop in time. (EXHIBIT 1 at 18:1–11, Williams Deposition); (EXHIBIT 3 at 66:22–24, Hensche 30(b)(6) Deposition). Williams has candidly acknowledged that he was following too closely and that his attention was momentarily drawn away at the wrong moment. (EXHIBIT 1 at 18:18–19:5; 49:22–50:20, Williams Deposition). That is the description of a negligent driver; it is not evidence of a driver who acted with a deliberate intention under circumstances that a person of ordinary prudence would be conscious of as a reckless disregard of another's rights. *See Hoskins*, 676 F. Supp. 2d 441; *Bryant*, 873 F.2d 714. There is no evidence that Williams was impaired, in violation of his hours of service, or engaged in any deliberate course of dangerous driving. (EXHIBIT 3 at 85:15–21, Hensche 30(b)(6) Deposition).

Without even considering the clear and convincing standard for punitive damages, Plaintiff has not even attempted to forecast any admissible evidence in support of the assertion that Williams' conduct was reckless, willful and wanton, other than the argument that violation of a safety statute was negligence *per se* constituting evidence of reckless, willful and wanton actions. *Hoskins v. King*, 676 F. Supp. 2d 441 (D.S.C. 2009) (citing *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S.C. 35, 351 S.E.2d 897 (Ct. App. 1986)). Plaintiff's Complaint makes the argument explicit, alleging that Williams' "breach of his statutory duties . . . is not only negligence per se, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages." (ECF 1-1, Complaint ¶ 13). That is precisely the inference from *Wise v. Broadway* that the Court rejected in *Hoskins*. *Hoskins*, 676 F. Supp. 2d at 449–50. Williams' citation for driving too fast for conditions under S.C. Code Ann. § 56-5-1520(A), and his payment of that citation, establish at most that he violated a traffic statute—the same negligence Defendants have already admitted. Under the federal standard that governs here, the violation of a traffic statute does not, without more, supply clear and convincing evidence that Williams acted willfully, wantonly, or recklessly.

Moreover, Plaintiff has not established that a person of ordinary prudence would have realized Williams' conduct was willful, wanton, or reckless. Thus, Williams is entitled to summary judgment on Plaintiff's claim for punitive damages because Plaintiff has not presented any evidence supporting the claim. *See Tucker v. Target Corp.*, 2022 U.S. Dist. LEXIS 31649 (granting summary judgment when Plaintiff presented no evidence supporting her claim for punitive damages); *Pecko v. Target Corp.*, 2021 U.S. Dist. LEXIS 2900 (granting summary judgment when Plaintiff presented no evidence supporting her claim for punitive damages).

### C. Plaintiff cannot recover punitive damages against Waletich.

Plaintiff seeks punitive damages against Waletich on two theories: vicariously, for Williams' conduct (Count III), and directly, for Waletich's own alleged negligence in hiring, training, supervising, and retaining Williams (Count IV). (ECF 1-1, Complaint ¶¶ 31–38). Neither theory is supported by clear and convincing evidence.

First, Waletich has admitted that Williams was acting within the course and scope of his employment at the time of the accident. (ECF 7, Answer ¶ 7). Any claim for punitive damages against Waletich premised on Williams' conduct therefore rises or falls with the claim against Williams, and it fails for the reasons set forth above.

Second, Plaintiff has no evidence that Waletich acted recklessly, willfully, or wantonly in hiring, training, supervising, or retaining Williams. Plaintiff's Complaint alleges that Waletich hired and retained Williams "despite [his] history of unsafe driving." (ECF 1-1, Complaint ¶¶ 36(c), 37). The record shows the opposite. Williams was an experienced driver with approximately fourteen years of commercial driving experience and no DOT-reportable collisions while driving for Waletich. (EXHIBIT 1 at 9:1; 36:10–17, Williams Deposition).

For punitive damages to be awarded against a defendant, the conduct triggering the punitive damages must have been a proximate cause of the plaintiff's damages. *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 615 S.E.2d 440 (2005). None of the matters Plaintiff developed at the Rule 30(b)(6) deposition caused this collision. Both Williams and Waletich attribute the collision to following distance when traffic stopped suddenly. (EXHIBIT 1 at 18:18–19:5, Williams Deposition); (EXHIBIT 3 at 140:20–22, Hensche 30(b)(6) Deposition). Because Plaintiff cannot connect any alleged conduct of Waletich to his injuries, that conduct cannot support an award of punitive damages. *Webb*, 364 S.C. 639, 615 S.E.2d 440.

Further, Plaintiff has not named an expert on the issue of Defendant's management and/or hiring of the driver. There is no evidence of a violation of the federal regulations, and any other evidence of industry standards would necessarily require testimony from an expert.

Thus, Waletich is entitled to summary judgment on Plaintiff's claim for punitive damages because Plaintiff has not presented any evidence supporting the claim. *See Tucker v. Target Corp.*, 2022 U.S. Dist. LEXIS 31649; *Pecko v. Target Corp.*, 2021 U.S. Dist. LEXIS 2900.

Therefore, Defendants respectfully request this Court grant summary judgment as to Plaintiff's claim for punitive damages because Plaintiff has not presented any evidence supporting the claim and the award is otherwise not allowed by law.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court grant their motion for partial summary judgment as to Plaintiff's claim for punitive damages.

Respectfully submitted this 13th day of October, 2026.

s/ Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (# 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Attorney for Defendants*