IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MELTON K. WEST,<br><br>Plaintiff,<br><br>v.<br><br>WALETICH CORPORATION d/b/a WALETICH TRANSPORTATION and JONATHAN B. WILLIAMS,<br><br>Defendants. | C.A. No.: 5:25-cv-08705-MGL<br><br>**CONSENT MOTION TO REOPEN LIMITED DISCOVERY AND AMEND SECOND AMENDED CONFERENCE AND SCHEDULING ORDER** |

COMES NOW, all parties by consent, by and through their undersigned counsel, and request that this Court reopen discovery for a limited purpose and amend the remaining deadlines of the current Scheduling Order as set forth below:

1. The current Second Amended Conference and Scheduling Order was filed March 25, 2026 (ECF No. 24).

2. The parties are seeking the relief set forth in the proposed Third Amended Conference and Scheduling Order due to Plaintiff West's ongoing medical treatment, most notably an additional shoulder surgery which took place on September 2, 2026.

3. Plaintiff's counsel is still in the process of gathering bills and records from the aforementioned surgery.

4. Defense counsel will require time to determine if additional depositions or analysis are needed after reviewing records of the September 2, 2026 surgery.

5. The condition of plaintiff's shoulder is complex. He had a shoulder surgery prior to the accident. He had another surgery after the accident, and the surgery failed, leading to a

second post-accident surgery.

6. Plaintiff's counsel notes that Plaintiff's Workers Compensation claim has been resolved, which the parties believe will expedite resolution of this matter, notwithstanding the need for additional time for both parties to obtain and evaluate records of the September 2, 2026 surgery.

7. The parties have diligently pursued discovery in this case, and the need for additional time was not caused by any lack of diligence by either party. The following discovery has been completed:

a. Deposition of Plaintiff Melton K. West, taken February 9, 2026;

b. Deposition of Defendant Jonathan B. Williams, taken February 25, 2026;

c. Rule 30(b)(6) deposition of Defendant Waletich Corporation, through its designated representative David Hensche, taken March 25, 2026; and

d. Written discovery, including interrogatories, requests for production, and requests for admission, which the parties have exchanged.

8. The parties engaged in mediation on October 14, 2026.

9. The discovery remaining to be completed relates solely to Plaintiff's September 2, 2026 surgery and his treatment following that surgery, and may consist of: (a) Plaintiff's production of the medical records and bills for that surgery and related treatment; (b) Defendants' subpoenas for records to Plaintiff's treating providers; (c) a supplemental deposition of Plaintiff, limited to the September 2, 2026 surgery and subsequent treatment, and the deposition of Plaintiff's treating surgeon, if Defendants determine after reviewing the records that such depositions are necessary; (d) depositions of other treating physicians related to the plaintiff's prior treatment for his shoulder; and (e) supplemental expert disclosures related to Plaintiff's treatment.

10. The current deadline for completion of discovery (September 14, 2026) has passed.

Good cause and to reopen discovery for the limited purpose described above. Plaintiff's September 2, 2026 surgery occurred less than two weeks before the close of discovery, and the records and bills from that surgery were not yet available to either party when discovery closed. Rather than seek relief at that time, the parties first attempted in good faith to resolve this matter at mediation, which was conducted on October 14, 2026, and resulted in an impasse. The parties have moved promptly following the mediation. The requested discovery is narrowly limited to the September 2, 2026 surgery and plaintiff's prior shoulder surgery and treatment, and no party will be prejudiced, as all parties consent to this motion.

11. Accordingly, pursuant to Local Rule 6.01, the Parties state as follows:

a. The current deadlines that the parties seek to reopen or extend are as follows:

   i. Close of Discovery – September 14, 2026

   ii. Motions in Limine – November 9, 2026

   iii. Pretrial Disclosure – November 12, 2026

   iv. Subject for Trial – November 12, 2026

b. These deadlines have been previously extended. The original Conference and Scheduling Order was filed August 1, 2025 (ECF No. 8); the Consent Amended Scheduling Order was filed September 15, 2025 (ECF No. 19); and the Second Amended Conference and Scheduling Order was filed March 25, 2026 (ECF No. 24). The deadlines for discovery, pretrial disclosures, and trial have each been extended twice, and the deadline for motions in limine has been extended once.

c. The parties respectfully request that discovery be reopened through January 12, 2027, solely for discovery relating to Plaintiff's September 2, 2026, surgery and

related treatment, and that the remaining deadlines be extended by approximately 120 days, as follows:

i. Close of Discovery (limited to Plaintiff's September 2, 2026, surgery and the condition of his shoulder) – January 12, 2027

ii. Motions in Limine – March 9, 2027

iii. Pretrial Disclosure – March 11, 2027

iv. Subject for Trial – March 11, 2027

d. The parties further request leave to serve supplemental expert disclosures, with Plaintiff' s supplemental disclosures due November 30, 2026, and Defendants ' supplemental disclosures due December 30, 2026.

12. The requested relief would affect only the deadlines listed above. The parties do not seek to extend the expired deadlines for all other motions, expert disclosures other than the limited supplemental disclosures described above, records custodian affidavits, or mediation. Because the requested relief affects more than one deadline, a proposed Third Amended Conference and Scheduling Order in the form used by the Court is attached as Exhibit A.

13. This motion for extension is made in good faith and in the interests of judicial economy and is not interposed solely for the purposes of delay or other improper reasons.

WHEREFORE, the parties respectfully request that this Honorable Court grant this motion, reopen discovery for the limited purpose described above, and amend the deadlines in the Second Amended Conference and Scheduling Order as set forth in the proposed Third Amended Conference and Scheduling Order attached as Exhibit A.

[Signature Page to Follow]

WE CONSENT:

s/Cooper Klaasmeyer
James G. Biggart II (# 14195)
Cooper Klaasmeyer(# 14272)
4401 Bell Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
*Attorneys for Plaintiff*

s/Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (# 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Attorney for Defendants*

November 3, 2026